Health Department Building — Bond Issue A building to be constructed by a county and to be paid for partially by rent payments from a state agency, federal funds, and a county bond issue, may be constructed with funds raised initially by a single bond issue of the county under the authority of 56 O.S. 189a [56-189a] (1968), which bonds are issued under the authority of Article X, Section 26 Oklahoma Constitution and 19 O.S. 761 [19-761] (1961) et seq. The Attorney General has considered your letter requesting his official opinion wherein you relate: "The County Commissioners are studying the feasibility of a building on land that would be acquired with county funds. A portion of the building would house the Department of Public Welfare and a portion would house the County Health Department. Both departments require separate space. The portion for the welfare would be financed by self-liquidating bonds by the Department of Public Welfare paying rent until their portion of the building is paid out, basis of rent to be figured on 75 percent of the going rent in the community. The Department of Public Welfare also is to pay all utilities, maintenance and upkeep, including janitorial services. After said bonds are retired the Department of Public Welfare will continue the maintenance and janitorial services. As above stated, the cost of acquiring the land on which the building is to be built, would be upon the county." "That section of the building to be used by the Health Department would be built by the use of 50 percent Hill-Burton Funds and 50 percent local issue bonds." You asked: "Can both projects, being in the same building, be handled with one bond issue; or will it be necessary for the people to vote on two bond issues?" We note that "Hill-Burton" funds are federal grant funds going to states under the Hospital Survey and Construction Act, presently codified as 78 Stat. 447 et seq. (1964) (42 U.S.C.A. 291 et seq. (1964)). O.S.L. 1967, ch. 202, Section 1 (56 O.S.Supp. 1968 Section 189a[56-189a] [56-189a]), which is pertinent to your inquiry provides: "(a) The Board of County Commissioners in each county shall be required to furnish quarters for the local units of the Oklahoma Public Welfare Department, such quarters to be located in the county courthouse or other suitable building in the county seat; to furnish light, heat and water and supply adequate toilet facilities; and it shall be the duty of the County Excise Board to provide adequate appropriations to enable the County Commissioners to comply with this provision; provided, that if no suitable quarters or adequate facilities are available in the county courthouse or in the county seat, the same shall be furnished and supplied in the city or town in the county, but not the county seat thereof, having the greatest population. "(b) If the Oklahoma Public Welfare Commission determines that adequate or suitable quarters, office space or facilities for the local units of the Department of Public Welfare are not obtainable from a county, the Department may enter into an agreement with the Board of County Commissioners of the county, or with any State agency or public trust, for the construction of a building or buildings where local units of the Department may have quarters, office space or facilities; or may enter into a lease agreement for the rental of space and facilities in a building or buildings constructed by the county, or a State agency, public trust or building authority, for the purpose of providing office space to the Department or any other public agency or agencies. "The Department shall not enter into any agreement under the provisions of this subsection unless Federal financial participation is obtainable, and in no event shall the Department agree to pay, as rental for office space, more than seventy-five per cent (75%) of comparable rental rates in the locality. All such agreements shall contain provisions as to financial participation therein by the parties to the agreement, payments to be made for the use or occupancy of the office space and facilities, and ownership of the building or buildings after payment of the cost of construction thereof has been completed, consistent with the requirements necessary for the Department to obtain or receive Federal funds for such purpose. The Board of County Commissioners of the county is hereby authorized to enter into such agreements with the Department; and funds derived from the issuance of county bonds may be used for the construction of such buildings; and cost of maintenance and operation of the building or buildings may be paid from the General Fund of the county." We also direct your attention to 19 O.S. 731 [19-731] (1961), which provides in part that: "The board of county commissioners is authorized to provide for the construction or repairing of courthouses, jails or other necessary buildings, and make contracts on behalf of the county for building or repairing the same. . . ." We further call to your attention Article X, Section 26 Oklahoma Constitution, which provides: "Except as herein otherwise provided, no county, city, town, township, school district, or other political corporation, or sub-division of the State, shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifth of the voters thereof, voting at an election, to be held for that purpose, nor in cases requiring such assent, shall any indebtedness be allowed to be incurred to an amount, including existing indebtedness, in the aggregate exceeding five per centum (5%) of the valuation of the taxable property therein, to be ascertained from the last assessment for State and county purposes previous to the incurring of such indebtedness:. . . . Provided, further that any county, city, town, school district, or other political corporation, or sub-division of the State, incurring any indebtedness requiring the assent of the voters as aforesaid, shall, before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty-five (25) years from the time of contracting the same. . . ." It is noted that O.S.L. 1967, ch. 202, Section 1 (56 O.S. 189a [56-189a] (1968) does not authorize the issuance of bonds, but states that funds derived from county bonds may be used for constructing, maintaining and operating buildings which could be utilized by the Department of Public Welfare. The only authority for issuing county building bonds is found in 19 O.S. 731 [19-731] (1961) et seq., and Article X, Section 26
Oklahoma Constitution. Therefore, the county must issue bonds for the construction under the authority of the latter above provisions, and the fact that rental revenue will come from the Department is only a means of facilitating payment of the bonded indebtedness. The foregoing all considered, it is the opinion of the Attorney General that your question be answered affirmatively as follows: A building to be constructed by a county and to be paid for partially by rent payments from a state agency, federal funds, and a county bond issue, may be constructed with funds raised initially by a single bond issue of the county under the authority of O.S.L. 1967, ch. 202, Section 1 (56 O.S. 189a [56-189a] (1968)), which bonds are issued under the authority of Article X, Section 26 Oklahoma Constitution and 19 O.S. 731 [19-731] (1961) et seq. (Dell Gordon)